ALPHA SILK COMPANY

v.

The UNITED STATES.

BEAR BRAND HOSIERY CO.

v.

The UNITED STATES.

COHN-HALL-MARX CO.

v.

The UNITED STATES.

DAVENPORT HOSIERY MILLS, Inc.,

v.

The UNITED STATES.

GEORGE ELBOGEN & CO.

v.

The UNITED STATES.

Morton FELDMAN

v.

The UNITED STATES.

E. GERLI & CO., Inc.,

v.

The UNITED STATES.

HOLEPROOF HOSIERY CO.

v.

The UNITED STATES.

KAHN & FELDMAN, Inc.,

v.

The UNITED STATES.

M. K. M. HOSIERY MILLS, Inc. and Tennessee Knitting Mills, Inc., Successors in Interest to Massachusetts Knitting Mills,

v.

The UNITED STATES.

Max OLTARSH, Moe Oltarsh, Abraham Oltarsh and Martin Oltarsh, partners doing business as J. Oltarsh,

v.

The UNITED STATES.

DORGIN TEXTILE CORPORATION

v.

The UNITED STATES.

PHOENIX HOSIERY COMPANY

v.

The UNITED STATES.

RUDOLPH–DESCO COMPANY, Inc.,

v.

The UNITED STATES.

Fritz DE SCHULTHESS and Monica de Schulthess, co-partners doing business as de Schulthess & Company, formerly known as Charles Rudolph & Co.,

v.

The UNITED STATES.

SAUQUOIT SILK COMPANY, Inc.,

v.

The UNITED STATES.

SIBER HEGNER & COMPANY, Inc.,

v.

The UNITED STATES.

STANDARD HOSIERY MILLS, Inc.,

v.

The UNITED STATES.

BELDING HEMINWAY COMPANY

v.

The UNITED STATES.

GUDEBROD BROS. SILK CO., Inc.,

v.

The UNITED STATES.

MILLER–SMITH HOSIERY COMPANY

v.

The UNITED STATES.

Lawrence SCHIFF and Sidney L. Schiff, partners doing business as Lawrence Schiff Silk Mills

v.

The UNITED STATES.

JOHN HAND & SONS, Inc.,

v.

The UNITED STATES.

Nos. 47755–47772, 47782–47786.

United States Court of Claims.

Nov. 30, 1954.

William A. Roberts, Washington, D. C., for plaintiffs. Irene Kennedy, Warren Woods, and Roberts & McInnis, Washington, D. C., were on the briefs.

Kendall M. Barnes, Washington, D. C., with whom was Warren E. Burger, Asst. Atty. Gen., for defendant.

MADDEN, Judge.

These cases present the same questions which the court considered and answered in the cases of Edward P. Stahel & Co., Inc. v. United States, 78 F.Supp. 800, 111 Ct.Cl. 682, certiorari denied 336 U.S. 951, 69 S.Ct. 878, 93 L.Ed. 1106. We have reconsidered the questions and have come to the same conclusions. No purpose would be served by reciting again the historical facts recited in our former opinion, and again in our findings in the instant cases.

The plaintiffs in No. 47764 are not entitled to recover, since they have failed to prove ownership of the claim. The plaintiffs in No. 47765 are not entitled to recover. The petitions in Nos. 47764 and 47765 will be dismissed. The plaintiffs in the other cases are entitled to recover the amounts shown in the conclusion of law.

It is so ordered.

JONES, Chief Judge, and LARAMORE, WHITAKER and LITTLETON, JJ., concur.